UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| CARLOS ARMANDO AREVALO-GUASCO, ) ) ) | |
| Petitioner, ) ) ) | Case No. 4:19-cv-01478-MHH-JHE |
| v. ) ) ) | |
| JONATHON W. HORTON, ETOWAH COUNTY SHERIFF, ) ) | |
| Respondent. | |

**MEMORANDUM OPINION**

On September 5, 2019, petitioner Carlos Armando Arevalo-Guasco filed an application for habeas corpus relief pursuant to 28 U.S.C. § 2241. (Doc. 1). On August 10, 2021, the Department of Homeland Security – DHS, through the United States Immigration and Customs Enforcement – ICE, released Mr. Arevalo-Guasco from custody on an order of recognizance without a detainer. (Doc. 45-1, pp. 1, 3). ICE released Mr. Arevalo-Guasco into the custody of the Etowah County Sheriff's Office because Mr. Arevalo-Guasco has an outstanding criminal warrant with the Rockland County New York Sheriff's Department. On September 2, 2021, Mr. Arevalo-Guasco was transferred to New York. (Doc. 45-1, p. 1). ICE did not place a detainer with the Rockland County Sheriff's Department. (Doc. 45-1, p. 1). ICE's database indicates that before ICE may detain Mr. Arevalo-Guasco again, the person seeking detention must contact the United States

1

Attorney's Office for the Northern District of Alabama, Middle Division. (Doc. 45-1, p. 1). According to his lawyer, Mr. Arevalo-Guasco has been released from state custody. (Doc. 45, p. 1).

On August 23, 2021, because the record reflected that Mr. Arevalo-Guasco no longer was in the custody of the respondent, the Court denied Mr. Arevalo-Guasco's motion for a bond hearing. (Doc. 41). The respondent now asks the Court to dismiss this action as moot and to deny Mr. Arevalo-Guasco's motion to hold this matter in abeyance. (Docs. 43, 45). Mr. Arevalo-Guasco opposes the motion to dismiss. He argues that the case is not moot and that he is entitled to an order that ensures he will not be detained again by immigration authorities unless the Government can show, by clear and convincing evidence, that he is a flight risk and/or a danger to the community or that he is subject to a final and immediately enforceable order of removal. (Doc. 47).

Per the general rule in civil proceedings, a detainee who seeks release from confinement pursuant to a habeas corpus petition must present an ongoing case or controversy. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). The case-or-controversy requirement, which "subsists through all stages of federal judicial proceedings," requires that parties "have a 'personal stake in the outcome' of the lawsuit." *Spencer*, 523 U.S. at 7. If events "deprive the court of the ability to give the [petitioner] . . . meaningful relief," then the case becomes moot "and must be dismissed." *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001); *see Soliman v. United States*, 296 F.3d 1237, 1242 (11th Cir.

2002) ("The doctrine of mootness derives directly from the case or controversy limitation because an action that is moot cannot be characterized as an active case or controversy.") (internal quotation marks omitted).

Respondent contends that this habeas action no longer is a live case or controversy because Mr. Arevalo-Guasco already has received the relief he requested; he has been released from custody. (Doc. 45-1). Thus, there is no injury that can be "redressed by a favorable judicial decision" at this time. *See Spencer*, 523 U.S. at 7.

There is an exception to the mootness doctrine when the action being challenged is capable of being repeated and evading review. The exception "is 'narrow,' and applies only in 'exceptional situations.'" *Al Najjar*, 273 F.3d at 1336 (quoting *Dow Jones & Co. v. Kaye*, 256 F.3d 1251, 1256 (11th Cir. 2001)) (internal quotations omitted). The exception is available when "(1) there [is] a reasonable expectation or a demonstrated probability that the same controversy will recur involving the same complaining party, and (2) the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration." *Sierra Club v. Martin*, 110 F.3d 1551, 1554 (11th Cir.1997) (emphasis added). "The remote possibility that an event might recur is not enough to overcome mootness, and even a likely recurrence is insufficient if there would be ample opportunity for review at that time." *Al Najjar*, 273 F.3d at 1336.

Mr. Arevalo-Guasco argues that his case qualifies as an exception to the mootness doctrine because ICE may detain him again. An ICE declaration from September of 2021

suggests that Mr. Arevalo-Guasco likely would be detained again only under changed circumstances. According to the September 2021 declaration, ICE released Mr. Arevalo-Guasco from custody without a detainer or order of supervision, and ICE's database indicates that ICE may not detain Mr. Arevalo-Guasco again without first contacting the United States Attorney's Office for the Northern District of Alabama. (Doc. 45-1). In contrast, in March of 2021, the respondent submitted a declaration in which an ICE officer indicated that Mr. Arevalo-Guasco had been deemed a risk to public safety and a flight risk and that Mr. Arevalo-Guasco was, in fact, a risk to public safety because he "has been identified as a member of a known illicit street gang." (Doc. 30-1, pp. 3-4).

To assist the Court in its evaluation of the respondent's motion to dismiss, on or before February 7, 2022, the respondent shall either withdraw Doc. 30-1, the March 2021 ICE declaration, or explain how the respondent reconciles the March 2021 declaration and the September 2021 declaration as the declarations pertain to ICE's position concerning Mr. Arevalo-Guasco's continued release on an order of recognizance.

**DONE** and **ORDERED** this January 24, 2022.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE